

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08CR16(4) |
| | § | |
| ALDRAIN JERAY BOOKER | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Aldrain Jeray Booker, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #409) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on October 24, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 27, 2009, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of conspiracy to commit carjacking, a Class D felony. The Court sentenced the defendant to 36 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include pay financial penalty imposed by this judgment; financial disclosure; no new lines of credit; no form of gambling unless payment of financial obligation ordered by the Court has been paid in full; drug abuse treatment and testing; restitution in the amount of $3,736.95; and a $100 special assessment. On July 1, 2011, Aldrain Jeray Booker completed his period of imprisonment and began service of the supervision term.

On October 15, 2012, Judge Heartfield modified Mr. Booker's conditions to include 180

days electronic monitoring. The Court again modified the supervised release conditions on July 11, 2013, to include 180 days placement in a residential reentry center.

### B. Allegations in Petition

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.*

Specifically, the petition alleges that on October 22, 2013, Aldrain Jeray Booker was unsuccessfully discharged from Bannum Place of Beaumont for absconding from the facility.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government proffered testimony evidence from the United States Probation Office and the testimony of staff members at Bannum Place in Beaumont. The evidence and testimony would show that as a part of his supervision conditions, Mr. Booker was directed to reside in Bannum Place and abide by the applicable rules while there. Staff members would testify that Booker was aware of the rules but on October 22, 2013, he was unsuccessfully discharged from Bannum Place for absconding from the facility. The staff members would attest to the circumstances and Booker's behavior supporting their conclusion that he did in fact abscond from Bannum Place in violation of his supervision conditions.

Defendant, Aldrain Jeray Booker, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he

was unsuccessfully discharged from a residential reentry center in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by being unsuccessfully discharged from a residential reentry center.

If the Court finds that Mr. Booker violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the probation office, Mr. Booker failed to serve 157 days of court-ordered time in Bannum Place.

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is three years. *See* 18 U.S.C. § 3583(b) and (h); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by being unsuccessfully

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

discharged from the residential reentry center. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Aldrain Jeray Booker, to serve a term of **five months (5) plus 157 days imprisonment** in this cause, with a new **two (2) year term of supervised release** to follow.[2] The additional 157 days imprisonment is imposed for the unserved time in the residential reentry center.

The new term of supervision should be subject to the following conditions, as recommended by the United States Probation Office:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

---

[2] At the revocation hearing, the parties agreed on the record that the United States Probation Office would seek to terminate the new term of supervision if Mr. Booker paid his outstanding financial obligations in this case totaling $536.98, which includes the remaining balance on the special assessment imposed by the original judgment plus the cost for electronic monitoring previously imposed as part of his supervision conditions. The Government and Probation Office agreed to file the appropriate motion when and if in fact Mr. Booker meets this obligation.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to maintain employment and paying his Court financial obligations.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. The defendant will pay subsistence.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

It is further ordered that the defendant shall pay to the United States a special assessment of $100.00, which is due immediately, payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler, Texas 75701. (As of this writing, Mr. Booker has a remaining balance of $25)."

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of October, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

-8-