

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08-CR-16(4) |
| | § | |
| ALDRAIN JERAY BOOKER | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Aldrain Jeray Booker, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #426) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on October 2, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On January 27, 2009, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of conspiracy to commit carjacking, a Class D felony. The Court sentenced the defendant to 36 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include pay financial penalty imposed by this judgment; financial disclosure; no new lines of credit; no form of gambling unless payment of financial obligation ordered by the Court has been paid in full; drug abuse treatment and testing; restitution in the amount of $3,736.95; and a $100 special assessment. On July 1, 2011, Aldrain Jeray Booker completed his period of imprisonment and began service of the supervision term.

On October 15, 2012, Judge Heartfield modified Mr. Booker's conditions to include 180 days electronic monitoring. The Court again modified the supervised release conditions on July 11, 2013, to include 180 days placement in a residential reentry center.

On December 2, 2013, the Court revoked Mr. Booker's original term of supervision and sentenced him to five (5) months plus 157 days of unserved halfway house time in prison, to be followed by two (2) years supervised release. *See Revocation Judgment* (doc. #424). The new term of supervision included a condition that Mr. Booker reside and participate in a residential reentry center for 180 days. *See id.*

### B. Allegations in Petition

The United States alleges that the defendant violated the following special condition of supervised release:

*The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility. The defendant will pay subsistence.*

Specifically, the petition alleges that on September 1, 2014, Aldrain Jeray Booker was unsuccessfully discharged from Bannum Place of Beaumont for failing to comply with the rules of the facility.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government submitted, in exhibit form, correspondence from Nancy Hester, the director of Bannum Place Beaumont. On September 1, 2014, she notified United States

Probation Officer Jerry McFarland the manner in which Booker was refusing to abide by the rules of the facility. This resulted in Booker's unsuccessful discharge from Bannum Place.

Defendant, Aldrain Jeray Booker, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he was unsuccessfully discharged from the halfway house/residential reentry center for failing to follow its rules, all in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by being unsuccessfully discharged from the halfway house/residential reentry center for failing to follow its rules.

If the Court finds that Mr. Booker violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a).

Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). However, in Mr. Booker's case, the maximum term of imprisonment is capped at approximately one (1) year under the applicable statute because he was sentenced to 5 months plus 157 days of unserved halfway house time on a prior revocation. *See id.*

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. In this case, according to the records submitted by the Probation Office, Mr. Booker failed to serve 117 days of court-ordered time in Bannum Place.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by being unsuccessfully

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

discharged from the halfway house/residential reentry center for failure to comply with the rules of the facility. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Aldrain Jeray Booker, to serve a term **five (5) months plus 117 days imprisonment** in this cause, with no additional supervised release to follow. Finally, the Court recommends placement in the Forrest City Federal Correctional Complex (FCC) in Forrest City, Arkansas, if possible, for service of the incarceration period, as requested by the defendant.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of October, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE